JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-01181-RGK (PLA) | Date | April 17, 2015 |
|---|---|---|---|
| Title | *SARMIENTO, et al. v. WELLS FARGO BANK, NATIONAL ASSOCIATION, et al.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE | |
|---|---|---|
| Sharon L. Williams (Not Present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not Present | | Not Present |

**Proceedings:** **(IN CHAMBERS) Order re: Plaintiffs' Motion to Remand (DE 9); Defendants' Motion to Dismiss Eighth and Tenth Causes of Action (DE 7) and Motion to Dismiss Individual Defendants (DE 8)**

## I.    INTRODUCTION

On December 15, 2014, Javier Sarmiento and eight other former employees (collectively, "Plaintiffs") of Wells Fargo Bank ("Wells Fargo") filed this action against Wells Fargo and two of its officers. Plaintiffs allege claims for (1) Unfair Business Practices Under Business and Professions Code Sections 17200, *et seq.*, (2) Labor Code Violation for Failure to Pay Overtime Wages, (3) Labor Code Violation for Failure to Provide Meal Periods, (4) Labor Code Violation for Failure to Provide Rest Periods, (5) Labor Code Violations for Waiting Time Penalties, (6) Violation of Labor Code Sections 226, *et seq.*, (7) Wrongful Termination in Violation of Public Policy, (8) Retaliation in Violation of the Fair Employment and Housing Act ("FEHA"), (9) Constructive Wrongful Termination, and (10) Intentional Infliction of Emotional Distress.

Presently before the Court are Plaintiffs' Motion to Remand, Wells Fargo's Motion to Dismiss Plaintiffs' eighth and tenth claims, and the individual defendants' Motion to Dismiss themselves from the litigation. For the following reasons, the Court **GRANTS** Plaintiffs' Motion to Remand (hereinafter, the "Motion") and **DENIES** defendants' Motions to Dismiss as moot.

## II.    FACTUAL BACKGROUND

Plaintiffs are former and current retail bankers for Wells Fargo. In addition to Wells Fargo,

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-01181-RGK (PLA) | Date | April 17, 2015 |
|---|---|---|---|
| Title | *SARMIENTO, et al. v. WELLS FARGO BANK, NATIONAL ASSOCIATION, et al.* | | |

Plaintiffs bring suit against two of its corporate officers: District Manager Raphael Henderson and Market President Daryl Montgomery (collectively, the "Individual Defendants"). The Complaint alleges that Plaintiffs have been subjected to Wells Fargo's "common corporate policy of non-compliance with California labor laws, including non-payment of overtime for compensable time spent working off-the-clock." (Pls.' Compl. ¶ 16.) The Complaint further alleges that Wells Fargo and the Individual Defendants have maintained a "pressure-cooker policy" requiring employees to meet certain monthly sales quotas in order to maintain their employment at Wells Fargo. This policy has allegedly caused Plaintiffs to work overtime during legal holidays and weekends without proper compensation.[1]

On February 18, 2015, Wells Fargo, joined by the Individual Defendants, filed a Notice of Removal to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. In its Notice of Removal, Wells Fargo asserts, and Plaintiffs do not contest, that it is a national banking association with its main office in Sioux Falls, South Dakota, and accordingly, it is a citizen of South Dakota for jurisdictional purposes. *See* 28 U.S.C. § 1348 ("All national banking associations shall, for the purposes of all other actions by or against them, be deemed citizens of the States in which they are respectively located."); *Rouse v. Wachovia Mortg., FSB*, 747 F.3d 707, 709 (9th Cir. 2014) ("[A] national bank is a citizen only of the state in which its main office is located.").

The parties agree that Plaintiffs and the Individual Defendants are citizens of California.

### III. JUDICIAL STANDARD

28 U.S.C. § 1441(a) authorizes defendants to remove a case to federal court when the federal court would have had original jurisdiction over the case. The removal statute is strictly construed against a finding of removal jurisdiction. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.* The party seeking removal bears the burden of establishing a federal court's jurisdiction. *Gould v. Mutual Life Ins. Co. of N.Y.*, 790 F.2d 769, 771 (9th Cir. 1986).

Under 28 U.S.C. §1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."

### IV. DISCUSSION

Plaintiffs assert that the case should be remanded for lack of subject matter jurisdiction. They

---

[1]The Complaint goes on to make several allegations of seemingly fraudulent activity, including the opening of "ghost accounts" and the forging of client signatures. These allegations are not relevant to the Court's jurisdictional analysis.

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-01181-RGK (PLA) | Date | April 17, 2015 |
|---|---|---|---|
| Title | *SARMIENTO, et al. v. WELLS FARGO BANK, NATIONAL ASSOCIATION, et al.* | | |

argue that the presence of the non-diverse Individual Defendants conclusively defeats diversity jurisdiction under 28 U.S.C. § 1332, which requires complete diversity between each plaintiff and defendant. *See Morris v. Princess Cruises, Inc.*, 235 F.3d 1061, 1067 (9th Cir. 2001). Wells Fargo counters that the citizenship of the Individual Defendants should be ignored for jurisdictional purposes because they are "sham" or fraudulent defendants whose sole purpose in this litigation is to frustrate a finding of diversity jurisdiction.

The citizenship of a fraudulently joined defendant is disregarded in the jurisdictional analysis. *Morris*, 235 F.3d at 1067. The joinder of a resident defendant is fraudulent if a plaintiff fails to state a claim against the resident defendant and such failure is obvious according to the well-settled rules of the forum state. *Hamilton Materials, Inc. v. Dow Chem. Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007). "In the Ninth Circuit, a non-diverse defendant is deemed a sham defendant if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in the plaintiff's favor, the plaintiff could not possibly recover against the party whose joinder is questioned." *Nasrawi v. Buck Consultants, LLC*, 776 F. Supp. 2d 1166, 1169–70 (E.D. Cal. 2011) (citing *Kruso v. Int'l Tel. Corp.*, 872 F.2d 1416, 1426 (9th Cir. 1989)). There is a general presumption against fraudulent joinder, and it must be proven by clear and convincing evidence. *Id.*

In order to establish fraudulent joinder, Wells Fargo must show by clear and convincing evidence that Plaintiffs could not possibly recover against the Individual Defendants. Plaintiffs set forth two primary theories of recovery against the Individual Defendants: (1) direct liability as "joint employers" for wage and hour violations under the California Labor Code, and (2) liability as persons "acting on behalf of an employer" for civil penalties authorized under California Labor Code Section 558.[2] Wells Fargo argues that Plaintiffs could not possibly recover under either theory.

First, Wells Fargo correctly notes that under California law corporate officers acting within the scope of their agency are not personally liable for their corporation's failure to pay wages. *Reynolds v. Bement*, 36 Cal. 4th 1075, 1087 (2005), *abrogated on other grounds by Martinez v. Comb*, 49 Cal. 4th 35 (2010). Thus, Plaintiffs may not recover under their first theory.

Second, Wells Fargo claims that Section 558 does not create a private cause of action for the recovery of civil penalties. While Wells Fargo is correct on that point, in 2004, the California legislature passed the Private Attorney General Act ("PAGA"), which provides that

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards,

---

[2] All further section references are to the California Labor Code unless otherwise noted.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-01181-RGK (PLA) | Date | April 17, 2015 |
|---|---|---|---|
| Title | *SARMIENTO, et al. v. WELLS FARGO BANK, NATIONAL ASSOCIATION, et al.* | | |

> agencies, or employees, for a violation of this code, *may, as an alternative, be recovered through a civil action brought by an aggrieved employee* on behalf of himself or herself and other current or former employees pursuant to the procedures specified in Section 2699.3.

Cal. Lab. Code § 2699(a) (emphasis added). Through this provision of PAGA, the California legislature allowed for private suits to recover civil penalties authorized under the Labor Code. Therefore, under PAGA, Plaintiffs may seek civil penalties against the Individual Defendants so long as there exists a provision of the Labor Code that authorizes such penalties against corporate officers. Section 558 is one such provision. *See Kamar v. RadioShack Corp.*, No. CV 07-2252 AHM (AJWx), 2008 WL 2229166, at *14 (C.D. Cal. May 15, 2008) (citing *Reynolds*, 36 Cal. 4th at 1089).

Section 558 states that "[a]ny employer or other person acting on behalf of an employer who violates, or causes to be violated, a section of this chapter or any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty." Cal. Lab. Code § 558(a). Courts have read Section 558 as imposing individual liability on corporate officers who "cause" Labor Code violations to occur. *Helm v. Alderwoods Grp., Inc.*, 696 F. Supp. 2d 1057, 1074 (N.D. Cal. 2009); *Velasquez v. HMS Host USA, Inc.*, No. 2:12-cv-02312-MCE-CKD, 2012 WL 6049608, at *4 (E.D. Cal. Dec. 5, 2012).

Thus, the issue is whether Plaintiffs could possibly allege that the Individual Defendants violated, or caused to be violated, a Labor Code provision covered by Section 558. The Court concludes that they could. Section 510 is located in the same chapter as Section 558, and regulates the wage rates for overtime compensation. Plaintiffs' second claim alleges failure to pay overtime wages, and invokes the substantive provisions of Section 510. (Pls.' Compl. ¶ 32.) The Complaint further alleges that Wells Fargo and the Individual Defendants have maintained a "pressure-cooker policy" of requiring employees to meet certain monthly sales quotas in order to keep their jobs, and that this policy caused Plaintiffs to work overtime during legal holidays and weekends without compensation. (Pls.' Compl. ¶¶ 23–24.)

Given these alleged facts, Wells Fargo has not met its heavy burden of showing by clear and convincing evidence that Plaintiffs could not possibly recover against the Individual Defendants under PAGA and Sections 558 and 510.[3] Accordingly, the Court finds that the Individual Defendants were not

---

[3] Importantly, the standard for dispelling an accusation of fraudulent joinder is not the same as the pleading standard under Rule 8(a). Here, Plaintiffs need only show a possibility of recovering against the Individual Defendants. As a court in the Eastern District of California noted, remand is warranted even if a plaintiff's allegations are found to be somehow lacking, so long as the plaintiff "could feasibly amend her complaint to include more specific actions" that

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 15-01181-RGK (PLA) | Date | April 17, 2015 |
|---|---|---|---|
| Title | ***SARMIENTO, et al. v. WELLS FARGO BANK, NATIONAL ASSOCIATION, et al.*** | | |

fraudulently joined, and that their presence deprives the Court of subject matter jurisdiction.

**V.     CONCLUSION**

For the foregoing reasons, the Court **GRANTS** Plaintiffs' Motion to Remand and **DENIES** defendants' Motions to Dismiss as moot.

**IT IS SO ORDERED.**

**:**

**Initials of Preparer**

---

would entitle her to relief. *See Velasquez*, 2012 WL 6049608, at *4.